UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID NIEHAUS,

        Plaintiff,                          Case No. 1:12-cv-469

     vs.                                  Dlott, C.J.
                                            Bowman, M.J.

CITY OF CINCINNATI, et al.,

        Defendants.

**REPORT AND RECOMMENDATION**

Plaintiff David Niehaus initiated this action by filing a *pro se* complaint against the City of Cincinnati ("City"), the Ohio Department of Transportation ("ODOT"), and Hamilton County Court of Common Pleas ("Common Pleas Court") and Judge Robert Winkler pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff's complaint arises out of a road improvement project that allegedly encroached upon Plaintiff's land and Plaintiff's efforts to receive compensation. *Id.* This action is now before the Court on Defendants' motions to dismiss Plaintiff's complaint pursuant to Rule 12(b)(1) and 12(b)(6) (Docs. 8, 9, 16) and parties' responsive memoranda. (Docs. 11-13, 17-19).

I.    **Background and Facts**

Plaintiff Niehaus alleges that he is the owner of a condominium which is one of 25 in the Williamsburg Square Condominiums on 2777 Montana Avenue in the City of Cincinnati, Ohio. (Doc. 6, ¶ 1). The Amended Complaint alleges that the City of Cincinnati and/or the Ohio Department of Transportation are involved in constructing a public improvement which requires the taking of some of the land of the condominium

1

complex in which Plaintiff owns one unit.  (Doc. 6). The Complaint further alleges that the City of Cincinnati has filed a Complaint in the Court of Common Pleas, case number A-1200336 on January 17, 2012.  *Id.*,¶ 2.  Apparently negotiations and offers were made to the Condominium association's statutory agent and attorney Amy Ferguson. *Id.*,¶ 18.  The Amended Complaint further alleges that after Plaintiff Niehaus filed his answer and other motions, Judge Robert C. Winkler recused himself as did one other Judge of the Court of Common Pleas and the case is now pending before a third Judge of that Court.  (Doc. 6).

The Complaint finally alleges that the Court of Common Pleas, and presumably Judge Winkler, erred in failing to enforce some of the statutory rights and protections set out in the Ohio Revised Code dealing with appropriation of real property for public improvements. (Doc. 6, ¶¶ 5-20).

**II.    Analysis**

**A.  Standards of Review under Rules 12(b)(1) and 12(b)(6)**

Plaintiff bears the burden of proving jurisdiction in order to survive a motion to dismiss on grounds of lack of subject matter jurisdiction.  *Nichols v. Muskingum College,* 318 F.3d 674, 677 (6th Cir. 2003); *Michigan Southern R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002); *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990).  "In reviewing a 12(b)(1) motion, the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits."  *Nichols*, 318 F.3d at 677 (citing *Rogers v. Stratton Industries*, 798 F.2d 913, 916 (6th Cir. 1986)).  "[W]here a defendant argues that the plaintiff has not

alleged sufficient facts in [his] complaint to create subject matter jurisdiction, the trial court takes the allegations in the complaint as true." *Nichols*, 318 F.3d at 677 (citing *Jones v. City of Lakeland*, 175 F.3d 410, 413 (6th Cir. 1999)).

Furthermore, to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), plaintiffs' complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678(citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Additionally, a court may consider exhibits attached to the complaint and public records in deciding a motion to dismiss under certain circumstances. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (citing *Nieman v. NLO, Inc.*, 108 F.3d 1546 (6th Cir. 1997)). Though, generally, a court may not consider matters outside of the pleadings when ruling on a 12(b)(6) motion without converting it into a Rule 56 motion

3

for summary judgment, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

### A.  Defendants' motions to dismiss are well-taken

#### 1.  *City of Cincinnati (Doc. 8)*

The City of Cincinnati asserts that Plaintiff's complaints should be dismissed based on a lack of subject matter jurisdiction pursuant to Rule 12(b)(1) on the grounds that: (1) Plaintiff's takings claim, which is currently proceeding in state court, is not ripe for review, and (2) *Younger* abstention requires deference to the ongoing state judicial proceeding.  The undersigned agrees.

Federal courts have jurisdiction only over suits that present actual case or controversy. U.S. Const. art III, § 2.  A case or controversy does not exist until the claim is ripe. *Arnett v. Myers*, 281 F.3d 552, 562 (6th Cir. 2002).  A takings claim is not ripe for review unless a property owner is denied compensation. *Coles v. Granville*, 448 F.3d 853, 860 (6th Cir. 2006).  Notably, "[t]he Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation."  *Williamson count Reg'l Planning Comm's v. Hamilton Bank*, 473 U.S. 172, 194 (1985). Further, it is not necessary for the government to pay property owners in advance of the taking as long a "reasonable, certain and adequate provision" is available by which owners may seek compensation.  *Id.*

Here, as noted above, the City commenced an action to take possession of the property in question on January 17, 2012, in the Hamilton County Court of Common

Pleas. (Doc. 6, p. 2). That case remains pending and the state court has yet to determine the issue of compensation. Thus, plaintiff's contention that he was denied compensation is therefore misplaced. *See Coles*, 448 F.3d at 865 (noting that "Ohio has 'reasonable, certain, and adequate procedures' for plaintiffs to pursue compensation for an involuntary taking") (citation omitted). Accordingly, Plaintiff's complaint should therefore be dismissed for lack of subject matter jurisdiction on the ground that it is not ripe for review.

In addition, the Sixth Circuit has held that, pursuant to the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny, a federal court must abstain from considering a case on the merits where the following circumstances are found: "(1) there are ongoing state judicial proceedings; (2) those proceedings implicate important state interests; and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Krikorian v. Ohio Elections Comm'n*, S.D. Ohio No. 1:10CV103, 2010 U.S. Dist. LEXIS 110871 at *13-14 (Oct. 19, 2010), citing *Sun Refining & Mktg. Co. v. Brennan*, 921 F.2d 635, 639 (6th Cir. 1990).

As set forth above, there is an ongoing proceeding in state court. As for the governmental interest involved, the Sixth Circuit has recognized the City's significant interest in appropriating private property for public use. *See Calhoun Realty Inc. v. City of Cincinnati*, 311 F.Supp.2d 640, 642 (S.D. Ohio 2003) ("[E]minent domain proceedings fall squarely within the province of state court jurisdiction, as they involve important state law matters."). The Sixth Circuit has ruled that Ohio's procedures by which plaintiffs may raise constitutional claims in connection with an involuntary taking are "reasonable, certain, and adequate." *See Coles*, 448 F.3d at 865 (internal

5

quotations omitted). Based on the facts alleged in the complaint, this Court should abstain from considering this case on the merits.

In light of the foregoing, the undersigned finds that the City of Cincinnati's motion to dismiss is well-taken and should be granted.

2. *Judge Winkler and the Hamilton County Court of Common Pleas (Doc. 9)*

Judge Winkler and the Hamilton County Court of Common Pleas (hereinafter " County Defendants") also assert that Plaintiff's Complaint is properly dismissed because it is unripe for federal judicial review. The County Defendants further argue that Plaintiff fails to state a claim upon which relief can be granted as provided in Fed. Civ. R. 12(b)(6) because Judge Robert C. Winkler and the Hamilton County Court of Common Pleas are immune from suit pursuant to the Eleventh Amendment to the United States Constitution. As noted above the undersigned agrees that Plaintiff's claims are not ripe for review. The undersigned also agrees that Plaintiff fails to state a claim for relief against the County Defendants.

The Eleventh Amendment prohibits damage actions by a private citizen against a State in federal court without its consent or congressional legislation. *See Lawson v. Shelby County, Tenn.*, 211 F.3d 331, 334 (6th Cir. 2000). 42 U.S.C. § 1983 cannot be used to seek monetary damages from a State because a State is not a "person" for purposes of the statute. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). An "arm of the State" is treated similarly. *Id.* at 70. The Hamilton County Common Pleas Court is an arm of the state and as such, Plaintiff's claims against it are barred by the Eleventh Amendment.

Furthermore, it is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions.  *Pierson v. Ray*, 386 U.S. 547, 553-54(1967); *Mann v. Conlin*, 22 F.3d 100, 103 (6th Cir. 1994) (A judge performing his judicial functions is entitled to immunity from a suit seeking monetary damages.).  The Supreme Court has specifically held that state judges are absolutely immune from liability under 42 U.S.C. § 1983.  *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983);  *Pierson*, 386 U.S. at 554-55.  Accordingly, to the extent that Plaintiff's complaint can be construed to assert claims against Judge Winkler, he is immune from suit.

     3.  *The Ohio Department of Transportation ODOT  (Doc. 16)*

ODOT also moves to dismiss Plaintiff's claims asserted against it.  Specifically, ODOT asserts that Plaintiff's claims are unripe and are also barred by the Eleventh Amendment.  *See Ejikeme v. Violet*, No. 07-4352, 307 Fed. Appx. 944, 951 (6th Cir. Jan 26, 2009) (ODOT is an arm of the State and cannot be sued under 42 U.S.C. § 1983.)  For the reasons stated above, ODOT's contentions are well taken.  Accordingly, Plaintiff's claims against ODOT should be dismissed.

**III. Conclusion**

For the reasons stated herein, **IT IS RECOMMENDED** that Defendants' motions to dismiss (Doc. 8, 9, 16) should be **GRANTED** and this matter be **TERMINATED** on the active docket of the Court**.**

     *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID NIEHAUS,

        Plaintiff,                           Case No. 1:12-cv-469

      vs.                                 Dlott, C.J.
                                             Bowman, M.J.

CITY OF CINCINNATI, et al.,

        Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).